# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
June 1, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STEPHEN M. AKERS,**
**Claimant Below, Petitioner**

**vs.)   No. 13-0964** (BOR Appeal No. 2048257)
                    (Claim No. 2007211879)

**CONSTELLIUM ROLLED PRODUCTS RAVENSWOOD, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Stephen M. Akers, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Constellium Rolled Products Ravenswood, LLC, by James W. Heslep, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 26, 2013, in which the Board affirmed a March 4, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 2, 2012, decision to deny reopening of the claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Akers, an employee for Constellium Rolled Products Ravenswood, LLC, injured his back and shoulder at work on April 12, 2006. Mr. Akers filed an application for workers' compensation benefits and his claim was held compensable for a lumbar strain. On August 12, 2011, Mr. Akers reported to the physician for Constellium Rolled Products Ravenswood, LLC, Michael Whitt, D.O. Dr. Whitt noted that Mr. Akers had range of motion deficits and could not stand or walk for extended periods of time. Dr. Whitt also found muscle spasms and decreased

1

muscle strength in the lower back. Dr. Whitt diagnosed a chronic lumbosacral strain and a disc protrusion at L4-5 level with left L6 radiculopathy. Dr. Whitt's report was attached to Mr. Akers's reopening application. Dr. Whitt opined that Mr. Akers would be disabled from August 12, 2011, through September 16, 2011. The claims administrator denied the application because the evidence submitted did not substantiate an aggravation or progression of the work-related condition. The claims administrator noted that Mr. Akers had three MRI scans prior to the alleged injury. All three of the pre-injury MRI scans show a L3-4 disc protrusion. The claims administrator noted that the last MRI, which was performed on August 23, 2011, indicated no change in broad-based disc protrusion and degenerative endplate change. The claims administrator then pointed out that Mr. Akers was placed at his maximum medical improvement for his work-related injury in October 2009, and that his condition has remained unchanged since that time. The claims administrator also noted that the medical evidence also suggests Mr. Akers's current symptoms are due to non-work-related conditions. As a result, the claims administrator denied Mr. Akers's reopening application on October 2, 2012. Mr. Akers protested.

The Office of Judges determined that Mr. Akers failed to establish that during the period of August 12, 2011, through September 16, 2011, that he was unable to work due to an aggravation or progression of a compensable injury. The Office of Judges noted that the physician's section of the Claim Reopening Application filled out by Dr. Whitt relays that Mr. Akers was diagnosed with chronic lumbosacral sprain and a disc protrusion at L4-5 level with radiculopathy. The Office of Judges examined West Virginia Code of State Rules § 85-20-37.5 (2006), which indicates the estimated duration of care for a lumbar strain is zero to four weeks and it is not to exceed eight weeks. The Office of Judges also noted that there is no evidence on record that an L4-5 disc protrusion and left L6 radiculopathy have been added as compensable conditions of this claim. The Office of Judges determined that it was unlikely that an aggravation or progression of an over five-year-old lumbar sprain is responsible for rendering Mr. Akers unable to return to work. The Office of Judges then noted that its conclusion is supported by the fact that Mr. Akers had increased back pain for several months prior to August 12, 2011. As a result, the Office of Judges affirmed the claims administrator's decision to deny reopening of Mr. Akers's claim for additional temporary total disability. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the findings of the Office of Judges and conclusions of the Board of Review. Mr. Akers has failed to prove that during the period of August 12, 2011, through September 16, 2011, that he was unable to work due to an aggravation or progression of a compensable injury. His original injury was a sprain, and it occurred over five years ago. As noted by the Office of Judges, West Virginia Code of State Rules §85-20-37.5 indicates the estimated duration of care for a lumbar strain is zero to four weeks and it is not to exceed eight weeks. Also, no protrusion or radiculopathy have been added as compensable diagnosis of the claim. Because Mr. Akers has experienced increasing lower back pain for the past several months, the evidence supports the determination that his symptoms are the result of longstanding degenerative changes as opposed to any aggravation or progression of his sprain. Mr. Akers has failed to show a prima facie case that would justify the inference that there has been a

progression or aggravation of the former injury. The Office of Judges and Board of Review were correct in affirming the decision of the claims administrator.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: June 1, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II